## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EAGLE TRUST FUND,<br>     322 State Street, Suite 301<br>     Alton, IL 62002-6135,<br><br>JOHN F. SCHLAFLY,<br>     322 State Street, Suite 301<br>     Alton, IL 62002-6135,<br>     in his official capacity as Trustee of<br>     Eagle Trust Fund,<br><br>     and<br><br>EAGLE FORUM EDUCATION & LEGAL<br>DEFENSE FUND,<br>     322 State Street, Suite 301<br>     Alton, IL 62002-6135,<br><br>     Plaintiffs,<br><br>     v.<br><br>U.S. POSTAL SERVICE,<br>     475 L'Enfant Plaza SW<br>     Washington, DC 20260-2200,<br><br>MEGAN J. BRENNAN,<br>     POSTMASTER GENERAL,<br>     475 L'Enfant Plaza SW<br>     Washington, DC 20260-2200,<br>     in her official capacity,<br><br>     and<br><br>EAGLE FORUM,<br>     200 West 3rd Street, Suite 502<br>     Alton, IL 62002-6174,<br><br>     Defendants. | Civil Action No. 1:17-cv-2450 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Eagle Trust Fund, John F. Schlafly, and Eagle Forum Education & Legal Defense

Fund seek declaratory and injunctive relief based on the following allegations.

## NATURE OF THE ACTION

1.     Plaintiffs bring this action both to reverse a final order of the United States Postal

Service ("USPS") that "mail currently being held or hereafter received, addressed to Eagle Forum at P.O. Box 618, Alton, IL 62002, and 322 State Street, Suite 301, Alton, IL 62002 shall be delivered to Eagle Forum's current office at 200 W. 3rd Street, Suite 502, Alton, Illinois 62002" (the "USPS Order"), and to ensure the delivery of mail addressed to "Eagle Forum" to the intended recipient.

2.      As set forth more fully in Paragraph 50, Plaintiffs seek the following relief:

(a)      Vacate the above-quoted USPS Order dated October 24, 2017, and reverse the accompanying "Postal Service Decision" of the same date;

(b)      Declare that mail addressed to "Eagle Forum" at Eagle Trust Fund's address is intended for Eagle Trust Fund to sort and distribute to the various "Eagle" entities or, alternatively, to Eagle Forum Education & Legal Defense Fund as the intended recipient;

(c)      Order USPS to deliver mail addressed to "Eagle Forum" at Eagle Trust Fund's addresses (currently, 322 State Street and P.O. Box 618 in Alton, Illinois) to Eagle Trust Fund or, alternatively, to Eagle Forum Education & Legal Defense Fund;

(d)      Order the creation of a constructive trust over all mail addressed to "Eagle Forum" at Eagle Trust Fund's addresses (currently, 322 State Street and P.O. Box 618 in Alton, Illinois), but received by defendant Eagle Forum on or after October 24, 2017, through the pendency of this litigation, inclusive of any appeals; and

(e)      Order defendant Eagle Forum to perform an accounting of all funds received from October 24, 2017, through the pendency of this litigation.

## PARTIES

3.      Plaintiff Eagle Trust Fund ("ETF") is a trust settled by the late Phyllis Schlafly under Illinois law on June 2, 1967 – with amendments on or about May 10, 1996, and June 1,

2016 – and headquartered in Alton, Illinois. Two of Mrs. Schlafly's sons – plaintiffs John F. Schlafly and Bruce S. Schlafly – are ETF's current trustees, and as such are the sole members of ETF, an unincorporated association. ETF was not a party to the administrative proceedings before USPS, but is a real party in interest authorized by District of Columbia law to sue in its own name to enforce a substantive right to ETF's mail under the U.S. Constitution and federal law.

4.      Plaintiff Eagle Forum Education & Legal Defense Fund ("EFc3") is a non-profit Illinois corporation headquartered in Saint Louis, Missouri, and registered under §501(c)(3) of the Internal Revenue Code. In addition to its Saint Louis headquarters, plaintiff EFc3 also operates out of ETF's office in Alton, Illinois. EFc3 was not a party to the administrative proceedings before USPS, but is a real party in interest as the intended ultimate recipient of the disputed mail.

5.      Plaintiff John F. Schlafly is a trustee of plaintiff ETF and an officer and director of plaintiff EFc3; plaintiff John Schlafly brings this suit in those official capacities.

6.      Defendant United States Postal Service ("USPS") is an independent establishment within the executive department of the United States government.

7.      Defendant Eagle Forum ("EFc4") is an Illinois non-profit corporation based in Alton, Illinois, and operating in the District of Columbia through EFc4's Washington office. EFc4 is registered under §501(c)(4) of the Internal Revenue Code. EFc4 was a party to the administrative proceedings before USPS.

## JURISDICTION AND VENUE

8.      This action seeks judicial review of USPS's resolution of the underlying postal dispute and, therefore, raises federal questions over which this Court has jurisdiction pursuant to: 28 U.S.C. §§1331, 1361; the Acts of March 3, 1863, 12 Stat. 762, and June 25, 1936, 49 Stat. 1921 (as amended); D.C. Code §11-501; and this Court's equity jurisdiction.

9.      The United States has waived its sovereign immunity for actions against USPS and for the relief sought in Paragraph 50. 39 U.S.C. §409. Further, mandamus claims under 28 U.S.C. §1361 against a named federal officer do not require a waiver of sovereign immunity.

10.      Pursuant to 28 U.S.C. §1391(b)(3) and §1391(e)(1)(A), venue is proper in the District of Columbia because all defendants maintain offices within the District of Columbia.

11.      An actual and justiciable case or controversy exists between the parties.

**Justiciable Case or Controversy between the Parties**

12.      As a direct consequence of USPS's final decision and order in the administrative proceedings, Plaintiffs face the prospect of losing mail that senders intended Plaintiffs to receive, including donations that senders intended to benefit Plaintiffs.

13.      Even assuming *arguendo* that defendant EFc4 returned to plaintiff EFc3 all of the donations that senders intended for EFc3 – including, but not limited to, any donations that the sender intended as tax-deductible donations – the delay in EFc3's receiving the donations would cost EFc3 accumulated interest for the time during which the donated funds would be deposited later than if EFc3 had received the donations directly.

14.      If the Court grants the relief requested in Paragraph 50, Plaintiffs will receive the mail and donations that the senders intended to benefit and inform Plaintiffs.

15.      Plaintiffs lack any other adequate remedy to ensure their timely receipt of mail and donations that the senders intended to benefit and inform Plaintiffs.

16.      Because this Court has jurisdiction as a threshold matter, the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, provides this Court the power to "declare the rights and other legal relations of any interested party…, whether or not further relief is or could be sought." 28 U.S.C. §2201.

17.     Principles of administrative exhaustion do not preclude participation by ETF or EFc3 both because the organizations participated through their respective trustees, officers, and directors and because the participating trustees, officers, and directors raised the issues that ETF and EFc3 seek to raise.

## LEGAL BACKGROUND

18.     The Constitution empowers Congress "[t]o establish Post Offices and post Roads." U.S. CONST. art. I, §8, Cl. 7. Under this authority, Congress established USPS, 39 U.S.C. §§101-5605, with the ability to sue and be sued, *id.* §§401(1), 409, and to adopt and amend rules for its operations. *Id.* §401(2).

19.     Although Congress has exempted USPS from the Administrative Procedure Act, 5 U.S.C. §§551-706 ("APA"), *see* 39 U.S.C. §410(a), that exemption does not remove USPS from non-APA judicial review. Indeed, nonstatutory review of federal agency action grew out of an action against USPS long before APA's enactment, *Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94 (1902), which this Circuit has recognized as "the font of the nonstatutory review doctrine." *Trudeau v. FTC*, 456 F.3d 178, 190 n.21 (D.C. Cir. 2006).

20.     The standard of review in non-APA actions resembles the APA standard of review in requiring reasoned decisionmaking to uphold an agency, which is lacking where an agency action fails to distinguish contrary agency precedent, fails to follow agency rules, or fails to resolve the whole issue properly before the agency.

21.     Under longstanding USPS precedents stretching back to the 1800s, USPS must determine the *likely* intended recipient when mail pieces are addressed to entities with confusingly similar names:

> When two firms that have used the same or confusingly similar
> names and mailing addresses enter conflicting orders at the post

office for the delivery of the same mail, delivery will be made to the
firm that is the most likely recipient intended by the senders. *R.
Michael Joyce*, P.S. Docket No. MD 95-175, June 14, 1995; see Vol.
I, *Opinions of the Solicitor of the Post Office Department*, p. 860
(1883).

*Stricklin and Moody*, MD 98-248 (P.S.D. July 15, 1998). The question presented is one of

determining who is "likely intended by the sender for delivery" of the mail piece in question. *Id.*

22.     In its operations manual, USPS has memorialized the rule of these precedents:

Unless persons with similar names adopt some means to distinguish
their mail, a postmaster must use judgment in making delivery.

*Postal Operations Manual* §611.2 (captioned "Delivery to Persons With Similar Names").

23.     "A person receiving mail not intended for him or her must promptly return it to the

Post Office." *Id.* §611.3. In cases of confusingly similar names, "if either party receives mail that

belongs to the other, they are to promptly forward it to the proper party." *Stricklin and Moody*,

MD 98-248 (P.S.D. July 15, 1998).

24.     Constructive trusts are a flexible remedial device used to force restitution in order

to prevent unjust enrichment, even if the inequitable conduct falls short of fraud. Under the law of

both Illinois and the District of Columbia, the equitable remedy of a constructive trust is available

not only for more culpable inequities (*e.g.*, embezzlement, conversion, fraud, duress), but also for

mere mistake. *Hertz v. Klavan*, 374 A.2d 871, 873 (D.C. 1977); *Suttles v. Vogel*, 126 Ill.2d 186,

193-94, 533 N.E.2d 901, 904-05 (Ill. 1988).

## FACTUAL BACKGROUND

25.     This case involves one aspect – mail – of an ongoing wider dispute by EFc4 and its

current directors against the network of Eagle-themed conservative educational, advocacy, and

policy groups that Phyllis Schlafly created during more than fifty years of public service.

6

**Status Quo Prior to Takeover Attempt by a Faction of EFc4's Board**

26.     Since the 1960s, Mrs. Schlafly branded her educational, advocacy, and policy groups and their activities with the "Eagle," including the formation of ETF in 1967. Over the next 50 years, she added numerous Eagle entities – some incorporated, some not – including EFc4 (1975) and EFc3 (1981) as the largest two Eagle entities.

27.     ETF publishes *The Phyllis Schlafly Report* and, until October 2016, managed mail, donation solicitation services, online content, and other "back office" functions for all of the "Eagle" entities, which ETF continues to do for all but EFc4. All of Mrs. Schlafly's Eagle entities functioned in consonance from 1967 until 2016, and ETF's back-office functions included sorting and routing the mail addressed to "Eagle Forum" at the Alton, Illinois, address used by all Eagle entities.

**Takeover Attempt by a Faction of EFc4's Board**

28.     In April 2016, six of EFc4's directors secretly agreed among themselves to try to take control of EFc4, based in part on their holding political and social positions dissonant with Mrs. Schlafly and the other Eagle entities.

29.     On April 11, 2016, the six EFc4 directors held an unprecedented telephonic meeting to purport to remove EFc4's president and to remove Phyllis Schlafly and John Schlafly from their longstanding authority over EFc4's accounts and assets.

30.     On April 10, 2016, in advance of that telephonic meeting, Mrs. Schlafly wrote the six EFc4 directors to ask them to resign.

31.     On August 16, 2016, Mrs. Schlafly released a video recording and open letter formally and expressly revoking any and all existing licenses that EFc4 held to use her name, image, and likeness, as well as any intellectual property under her control.

32.     On October 20, 2016, in a dispute between some of the parties here, an Illinois state court's temporary restraining order ("TRO") transferred interim control of EFc4 to the then-majority of EFc4's board.

**Disputed Mail**

33.     The disputed mail is addressed to "Eagle Forum" at EFc3's and ETF's address in Alton, Illinois (currently, currently, 322 State Street and P.O. Box 618); some of the disputed mail also includes "Phyllis Schlafly" or "Attention: Phyllis Schlafly" in addition to "Eagle Forum."

34.     Some of the disputed mail consists of Business Reply Envelopes ("BREs"), which are addressed to "Eagle Forum, Attn: Phyllis Schlafly" at ETF's Post Office Box; ETF printed the BREs for supporters, donors, and interested parties to use for return correspondence to all Eagle entities affiliated with ETF, with ETF's understanding that ETF staff would sort and allocate mail and donations properly in accordance with the senders' and donors' intent.

35.     On information and belief, which likely could be proved with the opportunity for discovery, since its current board took charge of EFc4 on or about October 20, 2016, EFc4 has obtained and retained donations intended for EFc3 and ETF and otherwise not intended for EFc4, including donations that donors intended as tax deductible.

**EFc3's Use of "Eagle Forum" and Other Reasons that Mail Addressed to "Eagle Form" Likely Would Not Be Intended for EFc4**

36.     Defendants EFc4 and USPS acknowledged in the USPS proceedings that the name "Eagle Forum" could refer to "any of Mrs. Schlafly's organizations, including Eagle Trust, Eagle Forum, and Eagle Forum Education and Legal Defense Fund" (*i.e.*, ETF, EFc4, and EFc3, respectively). *Eagle Forum and Schlafly*, MD 17-13 (P.S.D. Sept. 15, 2017).

37.     EFc3 is routinely called "Eagle Forum." *See*, *e.g.*, Texas Office of Attorney General, AG Paxton Thanks 42 Congressional Members, 15 States, Bioethics Expert, and Eagle

Forum for Filing *Amicus* Briefs in Support of Texas' Fight to Defund Planned Parenthood (Aug.

15, 2017) (using "Eagle Forum" to refer to EFc3); *Eldred v. Ashcroft*, 255 F.3d 849, 853 (D.C.

Cir. 2001) (same) (Sentelle, J., dissenting from denial of rehearing *en banc*); *Miller v. Davis*, No.

15-5880, 2015 U.S. App. LEXIS 23060 (6th Cir. Aug. 26, 2015) (same); *Planned Parenthood of*

*Kan. & Mid-Mo. v. Moser*, No. 11-3235 (10th Cir. Oct. 24, 2011) (same); Kaili Joy Gray, *Phyllis*

*Schlafly Knows Who Is Destroying America (Pregnant Women With Jobs, Duh)*, WONKETTE (Dec.

5, 2014) (same).

38.     Before Mrs. Schlafly asked the rogue EFc4 directors to resign, the use of EFc3's

name – *i.e.*, the "Eagle Forum" name by which EFc3 is known – together with EFc3's address

suggested that the sender intended the mail piece for EFc3 at least as much as the use of EFc4's

name together with EFc4's former address suggested that the sender intended the mail piece for

EFc4.

39.     For BREs that ETF printed, the sender's intent in returning the business reply is

derivative of the printer's intent (namely, that the BRE reach ETF). The sender intends a BRE to

reply to the business that provided the BRE in the manner that the printing business intended.

40.     Finally, with respect to mail addressed not merely to "Eagle Forum" but also with

some form of Mrs. Schlafly's name included, the fact that Mrs. Schlafly asked the rogue EFc4

directors to resign make it highly unlikely that mail addressed in part to Mrs. Schlafly would be

intended to reach EFc4, especially after Mrs. Schlafly revoked EFc4's license to use her name.

### COUNT I
### LACK OF REASONED DECISIONMAKING FOR MAIL ADDRESSED TO
### "EAGLE FORUM" AT EFc3'S AND ETF'S ADDRESS

41.     Plaintiffs incorporate Paragraphs 1-40 and 48-50 as if fully set forth herein.

42.     The underlying USPS decision upheld by the USPS Order acknowledges under the

Heading "Sender's Intent" that the use of "Eagle Forum" is ambiguous:

> The parties agree that such mail addressed to Eagle Forum can actually be intended for any of Mrs. Schlafly's organizations, including Eagle Trust, Eagle Forum, and Eagle Forum Education and Legal Defense Fund[.]

*Eagle Forum and Schlafly*, MD 17-13 (P.S.D. Sept. 15, 2017). But that decision and the USPS Order affirming it go on to simply hold that EFc4 should receive all mail addressed to Eagle Forum, notwithstanding the admitted ambiguity of "Eagle Forum" as an addressee. *Id.*; *Eagle Forum and Schlafly*, MD 17-13 (P.S.D. Oct. 24, 2017).

43.     To acknowledge that "Eagle Forum" is ambiguous and then to find EFc4 nonetheless entitled to mail addressed to "Eagle Forum," based only on that ambiguous name, is to beg the question of the sender's intent in addressing the mail piece. Failing to resolve the ambiguity or even to attempt to resolve the ambiguity by considering the address used and by attempting to determine the most likely intended recipient violates USPS precedent and the reasoned-decisionmaking standard.

44.     For any given mail piece addressed to "Eagle Forum" at ETF's and EFc3's address, it is more likely than not that the sender intended the mail to reach ETF to sort and route to the appropriate Eagle entity or that the sender intended EFc3 as the ultimate recipient.

45.     To the extent that a mail piece includes a donation – monetary or otherwise – that the sender intended as a tax-deductible donation, the mail piece and donation were not intended for EFc4, for which donations are not tax deductible to the donor. The greater amount donated is intended for EFc3 rather than for EFc4.

46.     For the foregoing reasons, defendant USPS's administrative order fails to meet the standard for reasoned decisionmaking and is arbitrary, capricious, an abuse of discretion, not otherwise in accordance with the law, in excess of authority granted by law, *ultra vires,* and

without observance of procedure required by law.

## COUNT II
## LACK OF REASONED DECISIONMAKING FOR MAIL ADDRESSED TO
## "EAGLE FORUM, ATTN: PHYLLIS SCHLAFLY" AT EFc3'S AND ETF'S ADDRESS

47.     Plaintiffs incorporate Paragraphs 1-46 and 50 as if fully set forth herein.

48.     Assuming *arguendo* that mail addressed to "Eagle Forum" at EFc3's and ETF's address were not more likely to have been intended for ETF to sort or for EFc3 outright, it would nonetheless remain unreasonable to treat mail address to "Eagle Forum, Attn: Phyllis Schlafly" – or words to that effect incorporating Mrs. Schlafly's name into the address – to be intended for EFc4 after the EFc4 broke faith with Mrs. Schlafly in the lead-up to the disputed April 11, 2016, telephonic board meeting and Mrs. Schlafly's letter dated April 10, 2016, asking the six directors to resign and *a fortiori* after she revoked EFc4's license to use her and ETF's intellectual property – including her name, likeness, and works – on August 16, 2016.

49.     For the foregoing reasons, even assuming *arguendo* that mail addressed to "Eagle Forum" were not likely intended for plaintiffs EFc3 and ETF, defendant USPS's administrative order with respect to mail addressed to "Eagle Forum, Attn: Phyllis Schlafly" – or words to that effect incorporating Mrs. Schlafly's name into the address – would fail to meet the standard for reasoned decisionmaking and would be arbitrary, capricious, an abuse of discretion, not otherwise in accordance with the law, in excess of authority granted by law, *ultra vires,* and without observance of procedure required by law.

## PRAYER FOR RELIEF

50.     WHEREFORE, Plaintiffs respectfully asks this Court to grant the following relief.

A.     Pursuant to 28 U.S.C. §§1331, 1361, 1651(a), 2201-2202, the Acts of March 3, 1863, 12 Stat. 762, and June 25, 1936, 49 Stat. 1921 (as amended), D.C. Code §11-501, Fed. R. Civ.

Proc. 57, and this Court's equitable powers, a Declaratory Judgment that:

(i)      Mail addressed to "Eagle Forum" at plaintiffs ETF's and EFc3's addresses (currently, 322 State Street and P.O. Box 618 in Alton, Illinois) is likely intended for plaintiff ETF to sort and distribute to the various Eagle entities and therefore should be delivered to plaintiff ETF;

(ii)     For any mail received and opened by EFc4 that was addressed to "Eagle Forum" at any address and that includes a donation – whether monetary or otherwise – that the donor intended as tax deductible, the mail was intended for receipt by EFc3; and

(iii)    Defendant EFc4 has a legal obligation to turn over mail intended for plaintiffs ETF or EFc3, or for any other related Eagle entities.

B.     Pursuant to 28 U.S.C. §§1331, 1361, 1651(a), 2202, the Acts of March 3, 1863, 12 Stat. 762, and June 25, 1936, 49 Stat. 1921 (as amended), D.C. Code §11-501, and this Court's equitable powers, an Order providing that

(i)      The USPS Judicial Officer's Order directed to the Postmaster at Alton, Illinois, and the accompanying Postal Service Decision, both dated October 24, 2017, are vacated; and

(ii)     Defendants USPS and Postmaster General Brennan – together with all those acting under those defendants' control – are ordered to deliver all mail addressed to "Eagle Forum" at ETF's and EFc3's addresses (currently, 322 State Street and P.O. Box 618 in Alton, Illinois) to plaintiff ETF at the address listed on the mail piece as the likely intended recipient to sort the mail or, alternatively, to plaintiff EFc3 as the likely intended ultimate recipient;

     (iii)     A constructive trust is created over all mail addressed to "Eagle Forum" at ETF's and EFc3's addresses (currently, 322 State Street and P.O. Box 618 in Alton, Illinois), but received by defendant EFc4 on or after the USPS Order's effective date through the final judgment of this litigation, inclusive of any appeals; and

     (iv)     Defendant EFc4 perform and submit to the Court and parties an accounting of all mail addressed to "Eagle Forum" at ETF's and EFc3's addresses (currently, 322 State Street and P.O. Box 618 in Alton, Illinois), but received by defendant EFc4 – and all funds received by defendant EFc4 – on or after the USPS Order's effective date through the final judgment of this litigation, inclusive of any appeals.

C.     Pursuant to 28 U.S.C. §2412 and any other applicable provisions of law or equity, award Plaintiffs' costs and reasonable attorneys' fees.

D.     Such other relief as may be just and proper.


Dated November 13, 2017          Respectfully submitted,


          /s/ Lawrence J. Joseph

Lawrence J. Joseph, D.C. Bar No. 464777

1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036-2643
Telephone: (202) 355-9452
Telecopier: (202) 318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Plaintiffs Eagle Trust Fund, John F. Schlafly & Eagle Forum Education & Legal Defense Fund*